UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| |  |
|---|---|
| JOHN L. CONLEY, | |
| Plaintiff, | |
| v. | No. 3:17-cv-322 (VAB) |
| OFFICER BRYSGEL, ET AL., | |
| Defendants. | |

**RULING AND ORDER**

John L. Conley ("Plaintiff"), currently confined at Corrigan-Radgowski Correctional Institution, moved to amend his Complaint on November 28, 2017. ECF No. 27. For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. PROCEDURAL BACKGROUND

The Court assumes familiarity with the factual background of the case and provides the procedural background that is necessary to decide this motion to amend.

Mr. Conley filed his Complaint on February 22, 2017. Compl., ECF No. 1. On May 9, 2017, the Court issued an Initial Review Order, which dismissed some of the claims in the Complaint. IRO, ECF No. 7. Defendants filed an Answer on August 28, 2017. Answer, ECF No. 17. Mr. Conley moved to amend the Complaint on November 28, 2017. Mot. to Amend, ECF No. 27.

1

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading as of right within twenty-one days after serving it or "if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss, a motion for a more definite statement, or a motion to strike, whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The district court has broad discretion to decide a motion to amend. *Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

## III. DISCUSSION

Mr. Conley filed his motion to amend more than twenty-one days after Defendants filed an Answer to the Complaint; he therefore may not amend as of right. *See* Fed. R. Civ. P. 15(a)(1). The Court thus will consider whether to grant Mr. Conley's motion to amend with the Court's leave under Rule 15(a)(2).

When determining whether to grant a motion to amend under Rule 15(a)(2), the Court considers five factors: (1) whether granting the motion will cause undue delay; (2) whether the movant acts in bad faith or has a dilatory motive; (3) whether the movant has repeatedly failed to cure deficiencies in previously allowed amendments; (4) whether granting the motion will cause undue prejudice to the opposing party; and (5) whether the amendment is futile. *Doe v. Simonds*, No. 3:12-cv-508 (JBA), 2012 WL 3463985, at *1 (D. Conn. Aug. 15, 2012) (citing *Local 802, Associated Musicians of Greater New York*, 145 F.3d at 89); *see also Foman v. Davis*, 371 U.S.

178, 182 (1962) (establishing five factors).

First, Mr. Conley seeks to increase the amount of monetary damages sought from the defendants. Mot. to Amend. at 1. The Complaint includes a request for $20,000.00 in compensatory damages and $80,000.00 in punitive damages. Compl. ¶¶ 32-33. In its Initial Review Order, the Court dismissed Mr. Conley's claims for monetary damages against Defendants in their official capacities. *See* IRO at 6. The requests for injunctive and declaratory relief from Defendants in their official capacities and the request for money damage from Defendants in their individual capacities remain. *Id.* at 7. Mr. Conley seeks to revise the amount of monetary relief sought from Defendants in their individual capacities to a total amount of monetary relief, including both punitive and compensatory damages, to $200,000.00. To the extent that Mr. Conley seeks to revise the request for monetary damages sought from Defendants in their individual capacities to $200,000.00, the motion to amend is granted.

The second paragraph on the first page of the motion to amend includes a sentence regarding Mr. Conley's belief that he has a "right of equal protection & [to be] free from discrimination under the 14th & 1st Amendment[s]." Mot. Amend at 1. Mr. Conley does not otherwise elaborate on this statement. The Complaint included only Eighth Amendment claims under 42 U.S.C. § 1983 and claims under 42 U.S.C. §§ 1985, 1986. Compl. ¶¶ 25-29. On May 9, 2017, the Court dismissed the sections 1985 and 1986 claims. IRO at 5-6. The Court also determined that the Eighth Amendment deliberate indifference to safety and excessive force claims brought under section 1983 should proceed against Officer Brysgel, and the Eighth Amendment deliberate indifference to safety and failure to protect claims brought under 42 U.S.C. § 1983 should proceed against Captain Black. *Id.* at 4-5.

While Mr. Conley seeks leave to add a Fourteenth Amendment claim and a First Amendment claim to the Complaint, there are no facts in the motion to support either claim and there is no proposed Amended Complaint attached to the motion. Mr. Conley also has not explained his reason for moving to amend six months after the Court's Initial Review Order, or offered any basis to amend at this late stage of the litigation. The Court concludes that justice does not require the Court to permit Mr. Conley to amend the Complaint to add unsupported First and Fourteenth Amendment claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court notes that the second paragraph on the first page of the motion to amend also includes references to "several inferentials," including witness declarations, which Mr. Conley has not forwarded to the Court. *See* Mot. Amend, ECF No. 27 at 1. If Mr. Conley wants to file exhibits or declarations in support of the allegations in the Complaint, the motion is denied without prejudice. It is not necessary for Mr. Conley to support his Complaint with exhibits or declarations. He may, however, submit any documents or declarations which support the allegations in the Complaint either in conjunction with a motion for summary judgment or in opposition to a motion for summary judgment or at trial.

## IV. CONCLUSION

For the foregoing reasons, Mr. Conley's motion for leave to amend/correct, ECF No. 27, is **GRANTED** to the extent that Mr. Conley seeks to revise his request for monetary relief. The request for damages from Defendants in their individual capacities is revised as follows: Mr. Conley seeks a total amount of monetary damages, including both punitive and compensatory

damages, of $200,000.00 from Defendants in their individual capacities.

The motion is **DENIED** without prejudice to the extent that it seeks to add exhibits to the Complaint and is **DENIED** without prejudice to the extent that it seeks to add First Amendment and Fourteenth Amendment claims under 42 U.S.C. § 1983. Any documents or declarations which might support the allegations in the complaint may be filed either in support of or in opposition to a motion for summary judgment or at trial.

SO ORDERED at Bridgeport, Connecticut this 6th day of February, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE