# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JOHN L. CONLEY,

    Plaintiff,

    v.

OFFICER BRYSGEL, ET AL.,

    Defendants.

Case No. 3:17-cv-322 (VAB)

**ORDER**

    John Conley ("Plaintiff") filed a document titled "Notice to the Court Pertaining to Discovery," which states that in November 2017, he sent a request for production of documents to counsel for Defendants, seeking camera footage. Notice at 1, ECF No. 32. Defense counsel responded to his request in January 2018, and Mr. Conley states that he received photographs that were "blacked out." *Id.* Mr. Conley states that he sent a follow-up request on February 1, 2018. *Id.*

    To the extent that the notice is a new request for production of documents, it is improperly filed. *See* D. Conn. L. Civ. R. 5(f) (providing that discovery requests are not to be filed with the court). The Court will not construe the notice as a motion to compel because it does not comply with the Federal Rules of Civil Procedure or this Court's Local Rules governing discovery disputes. A party may seek the assistance of the court with regard to a discovery matter, only after complying with the provisions of Rule 37(a) of the Federal Rules of Civil Procedure. Under this rule, a motion to compel must include a certification that the party has made an attempt to confer "with the person or party failing to make disclosure" in a good faith

effort to resolve the discovery dispute without the intervention of the court. Fed. R. Civ. P. 37(a)(1).

To the extent that the notice filed by Mr. Conley can be construed as a certification that he has made an attempt to confer with counsel in a good faith effort to resolve the discovery dispute without the intervention of the court, the certification is insufficient. The notice is dated February 4, 2018, and Mr. Conley claims that he sent a request to counsel regarding the camera footage on February 1, 2018. Mr. Conley did not give counsel sufficient time to respond to his request before filing his notice with the Court. Furthermore, it is unclear whether, before filing the notice, Mr. Conley made any attempt to contact counsel for the defendants to resolve the issue he raises with regard to the photographs that he claims are blacked out.

In addition, Local Rule 37(b)(1) requires that any motion to compel filed with the Court be accompanied by copies of the discovery requests in dispute and a detailed memorandum of law containing the specific items of discovery sought or opposed and an explanation of why each item should be permitted or not permitted. D. Conn. L. Civ. R. 37(b)(1). Mr. Conley has not filed a memorandum in support of the notice. Nor has he submitted a copy of the November 2017 request for production of documents or a copy of the February 1, 2018, request for production of documents.

Accordingly, any relief sought in the Notice, ECF No. 32, is **DENIED**. To the extent that defense counsel has already agreed to permit Mr. Conley to view camera footage, but has not yet made arrangements for Mr. Conley to do so, the Court encourages counsel to make the necessary arrangements.

SO ORDERED at Bridgeport, Connecticut this 21st day of February, 2018.

      /s/
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE