UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN L. CONLEY,
    Plaintiff,

v.

OFFICER BRYSGEL, ET AL.,
    Defendant.

No. 3:17-cv-322 (VAB)

## RULING AND ORDER

John L. Conley ("Plaintiff"), currently confined at Corrigan-Radgowski Correctional Institution, has filed two motions to compel and a motion to alter or amend judgment. ECF Nos. 34–36.

For the following reasons, the first motion to compel, ECF No. 35, is **DENIED** in part and **GRANTED** in part; the second motion to compel, ECF No. 36, is **DENIED** as moot; and the motion to alter or amend judgment, ECF No. 34, which seeks reconsideration of the Court's Order denying in part Mr. Conley's motion to amend, is **GRANTED**, but, after careful reconsideration, the relief requested is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the factual allegations in this case. *See* Initial Review Order ("IRO") at 1–3, ECF No. 7. Mr. Conley filed a Complaint on February 22, 2017. Compl., ECF No. 1. The Court issued an Initial Review Order on May 9, 2017, which dismissed the Complaint to the extent that it sought monetary damages against Defendants in their official capacities or asserted claims under 42 U.S.C. §§ 1985 and 1986. IRO at 6; *see also* 28 U.S.C.

1915A(b) (requiring Court to review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted"). Mr. Conley's Eighth Amendment deliberate indifference claims, however, proceeded against Correctional Officers Brysgel and Black in their official and individual capacities. IRO at 6.

On August 28, 2017, Defendants filed an Answer to Mr. Conley's Complaint with affirmative defenses. Answer, ECF No. 17. Mr. Conley filed a response to the Answer on November 13, 2017. Resp., ECF No. 26. On November 28, 2017, Mr. Conley filed a motion to amend the Complaint, which the Court granted in part and denied in part. ECF Nos. 27, 31.

On February 9, 2018, Mr. Conley filed a Notice to the Court on discovery matters. Order, ECF No. 32. The Court denied the Notice on February 21, 2018, explaining that, to the extent that the Notice was a request for production of documents or a motion to compel, it was improperly filed. *Id.* at 1. Mr. Conley then filed a motion to alter or amend the Complaint on February 26, 2018. First Mot. to Amend, ECF No. 34. Mr. Conley filed a second motion to amend on April 10, 2018. Second Mot. to Amend, ECF No. 35.

## II.     STANDARD OF REVIEW

Under Rule 26(b)(1), "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments. Even after the 2015 amendments, "[r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Bagley v. Yale Univ.*, No. 3:13-cv-1890 (CSH), 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015) (citing *State Farm Mut. Automobile*

*Ins. Co. v. Fayda*, No. 14-cv-9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 12, 2015)). This Court has "wide latitude to determine the scope of discovery." *In Re Agent Orange Product Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008); *see also Mirra v. Jordan*, No. 13-cv-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) ("Motions to compel are left to the court's sound discretion."). "The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive." *Klein v. AIG Trading Grp. Inc.*, 228 F.R.D. 418, 422 (D. Conn. 2005) (internal citations and quotation marks omitted).

The prevailing party on a motion to compel is entitled to receive "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court may only award fees incurred in the making of a necessary motion. *See Argo Marine Sys., Inc. v. Camar Corp.*, 102 F.R.D. 280, 285 (S.D.N.Y. 1984) ("[T]he Court must make a careful determination, based upon its knowledge and experience of the litigation process, of the additional expenses incurred by defendant as a direct result of such noncompliance as is found."); *S.E.C. v. Yorkville Advisors, LLC*, No. 12-cv-7728 (GBD) (HBP), 2015 WL 855796, at *9 (S.D.N.Y. Feb. 27, 2015) ("Monetary sanctions under Rule 37(a) . . . are intended to deter discovery abuses . . . [and] are designed to compensate the prevailing party for expenses it would not have incurred had the sanctioned party conducted itself property.") (citation and internal quotation marks omitted).

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading as of right within twenty-one days after serving it or "if the pleading is one to which a responsive pleading

is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss, a motion for more definite statement, or a motion to strike, whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend a complaint "shall be freely given when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave should, as the rules require, be 'freely given.'"). "The rule in the Second Circuit has been to allow a party to amend its pleadings in the absence of prejudice or bad faith." *Solman v. Corl*, 3:15-cv-1610 (JCH), 2017 WL 3527693, at *1 (D. Conn. Aug. 16, 2017) (quoting *Independence Ins. Serv. Corp. v. Hartford Fin. Servs. Grp., Inc.*, 04-cv-1512 (JCH), 2005 WL 1038991, at *4 (D. Conn. May 3, 2005)).

## III.   DISCUSSION

### A.   Motions to Compel

In his first motion to compel, dated February 20, 2018, and received for filing February 26, 2018, Mr. Conley states that on November 18, 2017, he sent a request for production of documents to Defendants seeking camera footage and other documents. First Mot. to Compel at 1. Counsel for Defendants ("Counsel") responded to the request for production on January 18, 2018. *Id.* at 3–5. One of the requests sought camera footage of an incident that occurred between Mr. Conley and Officer Brysgel on September 26, 2016. *Id.* at 4. Counsel indicated that she would make the videotapes available for Mr. Conley to view if there were no concerns about

4

disclosure of the videotapes on safety and security grounds. *Id.* Mr. Conley claims that he has not viewed the footage. *Id.* at 1.

Mr. Conley includes a second request in the motion to compel related to photographs of the injuries that he sustained in the September 26, 2016 incident. *Id.* He states that, although Counsel produced copies of photographs of his injuries, the copies do not clearly portray the images in the photographs. *Id.* Instead, the images appear to have been blacked out or the pages are simply blank. *Id.*

Mr. Conley seeks to compel Defendants to permit him to view the video footage of the September 26, 2016, incident and to provide him with copies of the photographs that clearly depict the images in the photographs. *Id.* at 1–2. Mr. Conley also seeks sanctions for the costs associated in filing the motion to compel. *Id.*; *see also* Second Mot. to Compel at 2. Counsel has not responded to the motion to compel.

On February 21, 2018, the Court addressed a Notice, ECF No. 32, filed by Mr. Conley on November 9, 2017, regarding his request to view the video footage of the incident on September 26, 2016, and his complaint about the copies of blacked-out photographs of his injuries. *See* Order, ECF No. 33. The Court declined to construe the Notice as a motion to compel because it did not comply with the requirements of a motion to compel under Federal Rule of Civil Procedure 37(a)(1) or Local Rule of Civil Procedure 37(b)1. *See id.* at 1–2. In particular, the Court noted that, although Mr. Conley had sent a follow-up letter to Counsel regarding his request to view the video footage, he had not given Counsel sufficient time to respond to his attempt to resolve the discovery dispute before filing his Notice. *See id.* at 2. The Court denied

any relief sought in the Notice, but encouraged Counsel to make arrangements for Mr. Conley to view the video footage of the incident. *See id.*

Mr. Conley has now given Counsel sufficient time to respond to his request to view the video footage of the September 26, 2016, incident. Although Mr. Conley has not filed a memorandum in support of his motion to compel as required by Local Rule 37(b)1, D. Conn. L. Civ. R., Counsel has not filed an objection to the motion or any other document suggesting that a safety or security issue might require precluding Mr. Conley from viewing the video footage of the September 26, 2016—footage that allegedly involves Mr. Conley and Officer Brysgel. Accordingly, the motion to compel is granted, without objection, to the extent that it seeks to compel Defendants to provide Mr. Conley with an opportunity to view the video footage of the incident on September 26, 2016. In addition, given that Counsel has already produced copies of the photographs taken of Mr. Conley's injuries and the only dispute is that the copies do not clearly depict the images in the photographs, the motion to compel is granted, without objection, with regard to the request that Counsel produce copies of the photographs that clearly depict Mr. Conley's injuries.

Although Mr. Conley seeks sanctions in connection with the motion to compel, he does not indicate any costs that he might have incurred in filing the motion. Furthermore, the Court cannot conclude that sanctions are warranted on this record as Counsel may have already permitted Mr. Conley to view the video footage, and Counsel has provided photographs that clearly depict his injuries. Accordingly, the request for sanctions is denied.

The second motion to compel is a Notice requesting that the Court rule on the motion to compel filed on February 26, 2018. The second motion to compel is denied as moot.

### B. Motion to Amend

On February 6, 2018, the Court denied in part and granted in part Mr. Conley's motion to amend the Complaint. Order, ECF No. 31. The Court granted the motion to the extent that Mr. Conley requested to revise the amount of punitive and compensatory damages sought in the Complaint and denied the motion, without prejudice, to the extent that Mr. Conley requested to add exhibits to the Complaint and to the extent that he requested to add First and Fourteenth Amendment claims under 42 U.S.C. § 1983. *Id.* at 4–5. Specifically, the Court found that there were no facts to support First or Fourteenth Amendment claims, Mr. Conley had not filed a proposed amended complaint in support of his request, and he did not provide any explanation for seeking leave to amend at this late stage of the litigation of the case. *Id.* at 4. Mr. Conley now seeks reconsideration of the Order denying the motion to amend to the extent that it denied the request to add the First and Fourteenth Amendment claims. Mot. to Amend at 1 (citing Fed. R. Civ. P. 59(e)).

Mr. Conley does not point to any facts or law that the Court overlooked in denying him leave to amend to add a First or Fourteenth Amendment claim against Defendants. Mr. Conley argues that he "was discriminated towards, because there became a touch in anger & rudeness disguised in the performance of the defendants['] duty to providing safe conditions for prisoners." Mot. to Amend at 2 (citing *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015) (holding that "a single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct")). These allegations do not support a First Amendment claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring Complaint to contain "enough factual matter (taken as true) to" infer "plausible

7

grounds" to support the plaintiff's claim).

Mr. Conley also contends that Captain Black violated his right to due process under the Fourteenth Amendment by failing to take action to prevent the alleged assault by Officer Brysgel. Mr. Conley contends that Captain Black was aware of a risk that Officer Brysgel might cause him harm.

To state a claim that a state official's conduct violated a plaintiff's right to substantive due process under the Fourteenth Amendment, the plaintiff must allege conduct that was "arbitrary . . . conscience-shocking . . . or oppressive in a constitutional sense." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d. Cir. 1994) (citations omitted). Conduct that is merely "incorrect or ill-advised" does not constitute conduct that may form the basis of a substantive due process claim. *Id.* (internal quotation marks and citations omitted). Mr. Conley's Complaint alleges that he informed Captain Black on several occasions that Officer Brysgel had harassed him, threatened him, and used racial epithets against him in connection with a discretionary strip search policy, but Captain Black allegedly neglected to investigate these allegations before Officer Brysgel assaulted Mr. Conley. The alleged failure of Captain Black to investigate Mr. Conley's allegations against Officer Brysgel in a timely manner does not constitute conduct that is so outrageous as to rise to the level of conscience-shocking. *See Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007) ("In order to shock the conscience and trigger a violation of substantive due process, official conduct must be outrageous and egregious under the circumstances; it must be truly brutal and offensive to human dignity[.]") (internal quotation marks and alteration omitted); *Dellutri v. Village of Elmsford*, 895 F. Supp. 2d 555, 574 (S.D.N.Y. 2012) (dismissing without prejudice a claim where "[t]he conduct alleged by Plaintiff

8

simply does not rise to the level of being so outrageous as to violate Plaintiff's substantive due process rights"). Mr. Conley's allegations against Captain Black therefore do not state a claim of a violation of substantive due process under the Fourteenth Amendment.

Furthermore, the Eighth Amendment claims of failure to protect and deliberate indifference to safety are proceeding against Captain Black and the Eighth Amendment claims of excessive force and deliberate indifference to safety are proceeding against Officer Brysgel. *See* IRO at 4–5, ECF No. 7. Because the claims against Captain Black for failure to protect from harm and for deliberate indifference to safety and the claims against Officer Brysgel for excessive force and deliberate indifference to safety are "covered by . . . [the] Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)); *see also Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'") (quoting *Graham*, 490 U.S. at 395). Accordingly, there is no basis for a Fourteenth Amendment substantive due process claim against Captain Black or Officer Brysgel. *See Blandon v. Capra*, No. 17-CV-65 (KMK), 2017 WL 5624276, at *11 (S.D.N.Y. Nov. 20, 2017) (finding, without "any additional conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience,' . . . Plaintiff's substantive due process claim is 'subsumed in [the] more particularized allegations' regarding [the] Eighth Amendment claim. . . . [and] is dismissed") (quoting *Velez v. Levy*, 401 F.3d 75, 93,

9

94 (2d Cir. 2005)) (additional citation omitted).

Mr. Conley's motion to alter or amend judgment which seeks reconsideration of the order denying the motion to amend to add First and Fourteenth Amendment claims against Defendants therefore is granted. After careful reconsideration, the relief requested is denied.

**IV. CONCLUSION**

For the foregoing reasons, the First Motion to Compel, ECF No. 35, is **GRANTED,** without objection to: (1) the request to view the video footage of the incident that occurred on September 26, 2016, involving Mr. Conley and Officer Brysgel, and (2) the request for copies of photographs that clearly depict Mr. Conley's injuries. To the extent that Counsel has not already done so, she shall make arrangements for Mr. Conley to view the video footage of the incident that occurred on September 26, 2016, and shall provide Mr. Conley with copies of photographs that clearly depict his injuries. Within thirty (30) days of the date of this order, Counsel shall file a notice with the Court documenting the date on which Mr. Conley viewed the video footage and the date on which copies of photographs clearly depicting his injuries were produced to Mr. Conley. The Motion to Compel, ECF No. 35, is **DENIED** to the extent that it seeks sanctions. The Second Motion to Compel, ECF No. 36, which is a Notice requesting that the Court rule on the Motion to Compel filed on February 26, 2018, is **DENIED** as moot.

The Motion to Alter of Amend Judgment, ECF No. 34, which seeks reconsideration of the Order denying the motion to amend to add First and Fourteenth Amendment claims against Defendants, is **GRANTED**. After careful reconsideration, the relief requested is **DENIED**.

SO ORDERED at Bridgeport, Connecticut this 25th day of April, 2018.

      /s/
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE