# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN L. CONLEY,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :     No. 3:17-cv-322 (VAB) |
| | : |
| OFFICER BRYSGEL and OFFICER BLACK,<br>    *Defendants*. | :<br>:<br>: |

## ORDER ON MOTION FOR SUMMARY JUDGMENT
## and AMENDED SCHEDULING ORDER

On August 22, 2018, John L. Conley ("Plaintiff") filed a one-page motion for summary judgment, accompanied by a nine-page memorandum and one-page list of exhibits. *See* Motion for Summary Judgment, dated Aug. 22, 2018, ECF No. 44.

Correctional Officers Brysgel and Black ("Defendants") argue that the motion is untimely, as the Court set a deadline of April 9, 2018 for the filing of any dispositive motions, and no extensions of time to file such a motion have been sought or granted. Objection, dated Aug. 28, 2018, ECF No. 45. Defendants also argue that it fails to conform to the requirements of Federal Rule of Civil Procedure 56(a) and Local Civil Rule 56(a)(1). *Id.* The Court agrees with Defendants.

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In this District, a motion for summary judgment must be accompanied by a Local Rule 56(a)(1) Statement of Undisputed Material Facts. *See* D. Conn. L. Civ. R. 56(a)(1) ("A party moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)1 Statement of Undisputed Material Facts,' which sets forth, in separately numbered paragraphs meeting the requirements of

Local Rule 56(a)3, a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried.").

The District further requires that each statement of material fact in the Local Rule 56(a)(1) Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." D. Conn. L. Civ. R. 56(a)(3). Finally, the District requires that "[t]he affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence" be filed and served with the Local Rule 56(a)(1) Statement. *Id.*

*Pro se* parties and represented parties alike must comply with this District's requirements for motions for summary judgment; if they do not, the district court may, in its discretion, deny their motion or impose other sanctions. *See Tross v. Ritz Carlton Hotel Co.*, 928 F. Supp. 2d 498, 503 (D. Conn. 2013) (Hall, J.) ("In this Circuit, a movant's failure to comply with a district court's relevant local rules on a motion for summary judgment permits, but does not require, a court to dispose of that motion.") (citing *Tota v. Bentley*, 379 F. App'x 31, 32–33 (2d Cir. 2010)); *see also* D. Conn. L. Civ. R. 56(a)(3) ("A party's failure to provide specific citations to evidence in the record as required by this Local Rule may result in . . . the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment . . . ."). Courts in this District generally look at whether the motion, despite technical non-compliance, substantially complies such that it would be fair to decide the motion on the merits. *See, e.g.*, *Bunting v. Kellogg's Corp.*, No. 3:14-cv-621 (VAB), 2016 WL 659661, at *1–2 (D. Conn. Feb. 18, 2016) ("In this case, the Court cannot fairly and completely adjudicate summary judgment in this matter without full compliance with the District of Connecticut's

Local Rules. Without a Local Rule 56(a)1 Statement, the Court cannot fairly determine the undisputed facts in this case. Such a determination is essential to evaluating a summary judgment motion."); *Tross*, 928 F. Supp. 2d at 503–04 ("In this case, this court does not agree that the defendants have substantially complied with the Local Rules. The defendants are the ones who moved for summary judgment, and yet they failed to provide the required statement in any of their motion papers . . . . The fact that the defendants have provided citations and stated facts in their moving papers does not satisfy [Local Rule 56(a)(1)]. For example, it does not indicate to this court, or to the Trosses, exactly which statements the defendants intended to constitute their Local Rule 56(a)1 Statement. If this court were to deem the statements in the defendants' Motion a substitute for their Local Rule 56(a)1 Statement, this would require the Trosses to mine the defendants' papers and identify statements to admit or deny for purposes of their Local Rule 56(a)2 Statement . . . . This court refuses to burden the Trosses because of the defendants' failure to comply with the Local Rules . . . . ").

Mr. Conley did not file a Local Rule 56(a)(1) Statement with his motion, nor did he file copies of any of the exhibits in support of his motion. Moreover, Mr. Conley's motion cannot be said to have substantially complied with the Rule because it fails to identify specifically what statements Mr. Conley believes are material facts that are not in dispute. Requiring Defendants to answer this motion in a full opposition brief in compliance with the Local Rules would unfairly shift the burden of summary judgment—which is on the moving party, Mr. Conley—onto Defendants. In addition, the Court itself cannot determine the undisputed material facts relevant to deciding this motion.

Accordingly, Mr. Conley's motion for summary judgment is **DENIED**.

To resolve this case expeditiously, the Court hereby amends the parties' schedule as follows:

- By **November 2, 2018**, Defendants are directed to file a motion to amend the case caption to reflect Defendants' full names.
- The Court will convene a telephonic status conference on **November 15, 2018 at 2:30 p.m.** to determine if the parties wish to be referred to a Magistrate Judge to discuss settlement and, if not, to determine a schedule for moving this case forward. Once all counsel and Mr. Conley are on the line, please call Chambers at (203) 579-5562.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of October, 2018.

      /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge